UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARCHER AVELIN                              :
                                           :
v.                                         :   C.A. No. 22-00295-WES
                                           :
SOUTH KINGSTOWN POLICE                     :
DEPARTMENT, et al.                         :

## REPORT AND RECOMMENDATION FOR
## SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF No. 2) pursuant to 28 U.S.C. § 1915 without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In

other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff alleges that he was stopped by police and "falsely arrested" in June 2017. (ECF No. 1 at p 4). He claims that he was "traveling safely at the posted speed limit" at the time. Id. He offers no other factual allegations regarding the circumstances of the traffic stop or arrest. He alleges a violation of the 4th, 5th, and 9th Amendments to the U.S. Constitution. Id. at p 3. He also references a criminal statute (18 U.S.C.§ 241) as the "description of cause" on the Civil Cover Sheet. (ECF No. 1-1).

Plaintiff's suit alleging a violation of constitutional rights must be pursued under 42 U.S.C. § 1983.  For a Section 1983 civil action such as this, Plaintiff is subject to "the statute of limitations applicable to personal injury actions under the law of the forum state."  Amesbury v. City of Pawtucket, 2019 WL 4306392 at * 1 (D.R.I. Set 11, 2019).  Under Rhode Island law, that is the three-year period set forth in R.I. Gen. Laws § 9-1-14(b).  Bergevine v. DCYF, 2021 WL 5997649 at * 2 (D.R.I. Dec. 20, 2021).  On its face, Plaintiff's Complaint alleges that the underlying traffic stop and "false arrest" took place in June 2017 (over five years ago).  Plaintiff has not alleged any facts suggesting that the three-year limitations period could be tolled or that his claim did not accrue when he was allegedly "falsely arrested" in June 2017.  Thus, Plaintiff's Section 1983 claim is plainly untimely and barred by the applicable statute of limitations.

To the extent Plaintiff seeks to bring a claim under 18 U.S.C. § 241 (the criminal analog to § 1983), he has no legal standing to do so.  The law is well established that there is no private right of action that may be pursued by an individual under this criminal statute.  Cok v. State of R.I., 876 F.2d 1, 2 (1st Cir. 1989).  Finally, even if Plaintiff's claim was legally viable, his "false arrest" claim is conclusory, and he pleads no facts that would support a plausible false arrest case under § 1983.  See Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007) (complaint "must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss").

**Conclusion**

For the reasons stated, Plaintiff's Motions to Proceed In Forma Pauperis (ECF No. 2) is GRANTED.  However, pursuant to 28 U.S.C. § 1915(e)(2)(B), I further recommend that Plaintiff's Complaint (ECF No. 1) and this case be DISMISSED WITH PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


 /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 24, 2022